UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:08-CR-40 |
| | ) | |
| JOHNNY LUKE MILHORN | ) | |

**O R D E R**

This criminal matter is before the Court to address the defendant's motion for judgment of acquittal. The defendant was charged in Count 1 of the indictment with a conspiracy to distribute and to possess with the intent to distribute 5 kilograms or more of cocaine. After a bench trial on July 23, 2009, the defendant was found guilty of the lesser included offense of a conspiracy involving at least 500 grams but less than 5 kilograms of cocaine. The defendant's sole challenge to this verdict is that the evidence in this case was insufficient to establish a conspiracy involving at least 500 grams but less than 5 kilograms of cocaine because the testimony of Salvadore Llamos-Gayton was inconsistent "if not outright perjury."

This Court may not consider challenges to the sufficiency of the evidence if the defendant failed to make a Rule 29 motion for judgment of acquittal at the end of the prosecution's case-in-chief and at the close of the evidence." *United States v. Gravely*, 282 Fed.Appx. 401, 403 (6th Cir. 2008),citing *United States v. Chance*, 306 F.3d 356, 368-69 (6th Cir.2002). *Gravely* involved a bench trial, as does this case. In the case at bar, the defendant failed to make a Rule 29 motion for judgment of acquittal at the end of the prosecution's case-in-chief and at the close of all the evidence. Therefore, this Court is foreclosed from considering the defendant's challenge to the sufficiency of the evidence. Accordingly, it is hereby **ORDERED** that the defendant's motion for judgment of acquittal is **DENIED**. [Doc. 42].

Even if the Court could address the defendant's sufficiency of the evidence challenge, it should be noted this Court has found, beyond a reasonable doubt, that the evidence at trial established the existence of a conspiracy between the defendant and Salvadore Llamos-Gayton. However, after weighing the credibility of the defendant who testified that he had nothing whatsoever to do with any purchase or transportation of cocaine, and Mr. Llamos-Gayton, the Court did not find that this conspiracy involved 5 kilograms or more. The Court concluded that the testimony of Mr. Llamos-Gaytan that he transported 1 kilogram of cocaine back from Atlanta and his testimony that the defendant transported three kilograms of cocaine back from Atlanta coupled with the defendant's statement to Agent Michael Templeton established, beyond a reasonable doubt, a conspiracy involving at least 500 grams but less than 5 kilograms of cocaine. Thus, in any event, the defendant's motion has no merit.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE